*In re* JASPER N. SEARLES.

Submitted on briefs, Oct. 18, 1894. Dismissed Nov. 27, 1894.

No. 8952.

On June 7, 1894, Dwight M. Sabin filed in this court his verified petition asking that the respondent, Jasper N. Searles, an attorney and counsellor of this court practising at Stillwater, be removed and disbarred.

The petition stated that said Jasper N. Searles and one Fred. W. Gail were copartners in the practice of law from the year 1883 to the year 1893 and as such were employed by petitioner in 1884 to present and prosecute his claims amounting to $613,351.80 against the insolvent corporation, Seymour Sabin & Co. This corporation was organized in 1874. In May, 1884, proceedings were taken against it under 1878 G. S. ch. 76, and J. C. O'Gorman was appointed by the District Court of Washington county receiver of its property. Petitioner had indorsed commercial paper for the accommodation of the corporation to the amount of $487,066.66 which had gone to protest and his contingent liability on this paper was a part of his said claims. Petitioner stated that he consulted freely with said attorneys in relation to the best method of proceeding to protect him from loss by reason of this liability and disclosed to them all the facts in reference thereto. That he was advised by them to acquire by purchase or otherwise all of this outstanding commercial paper. That said attorneys on March 11, 1885, made and filed with said District Court his said claim. That petitioner acted under the advice of his said attorneys and acquired title to $361,066.66 of said paper. He frequently and freely consulted and advised with said attorneys regarding his said claims and the progress of the said proceedings and the best method of protecting his interests.

That about January 1, 1888, said Searles and Gail accepted a retainer from, and became the attorneys for, the receiver, J. C. O'Gorman, and so continued for six years thereafter and as such filed answers to the said claims of petitioner and resisted the allowance and collection of the claims they had been employed by petitioner to assist in collecting. That by reason of the betrayal by said

Searles and Gail of their trust as attorneys in said proceedings petitioner was placed at great disadvantage in the prosecution of his said claims and damaged in a sum exceeding $25,000.

On filing the petition this court made an order requiring said attorneys severally to appear on July 5, 1894, and answer the accusations set forth in the petition and directing that a copy of the petition and of the order be served on each on or before June 10, 1894.

The respondents answered severally on June 9, 1894, in substance that they had been employed by petitioner in a number of matters, but were never employed to prosecute the claims mentioned in the petition. They denied that they or either of them had consulted with or advised petitioner in regard to his claims against the corporation, Seymour Sabin & Co. They admitted that in 1885 at the request of an agent of petitioner they allowed their names to be signed as attorneys to one or two claims against that corporation without knowing any of the facts regarding the claims. They averred they were never informed regarding such claims and never took any part in their prosecution. They alleged that they did not become the attorneys of J. C. O'Gorman as such receiver until June, 1892, and never took any part whatever in resisting the claims of petitioner.

An order was made June 9, 1894, directing petitioner to appear June 12, 1894, and show cause if any there should be why a referee should not be appointed to take and report the testimony, and directing that a copy of the order and of respondents' answers be served forthwith. On that day Louis L. Mannering was appointed referee and during the next two months took voluminous evidence and returned it to this court August 20, 1894. The proceeding was placed on the calendar of the court and was heard October 18, 1894, on the referee's report and printed briefs of counsel. The argument was wholly upon the evidence, whether it sustained the petition.

*Fayette Marsh*, for relator.

*J. N. Searles, pro se.*

Per Curiam. This matter having been brought on for hearing upon testimony taken by and before a referee, and the court having

duly examined and considered the same, and being of the opinion that the charges made against said Jasper N. Searles are not sustained by said testimony, it is ordered that the proceedings against him be, and they hereby are, dismissed.

(Opinion published 60 N. W. 1008.)